J-A26006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES L. ZUCCHER, | |
| Appellant | No. 1730 WDA 2014 |

Appeal from the Judgment of Sentence October 1, 2014
In the Court of Common Pleas of Mercer County
Criminal Division at No(s):
CP-43-CR-0000478-2014

BEFORE:   BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

JUDGMENT ORDER BY BENDER, P.J.E.:          **FILED OCTOBER 14, 2016**

Appellant, James L. Zuccher, appeals from the October 1, 2014 judgment of sentence, imposed after he entered a plea of *nolo contendere* to the offenses of Driving Under the Influence (DUI), 75 Pa.C.S. § 3802(a)(1), and Fleeing or Eluding, 75 Pa.C.S. § 3733(a).  Appellant was sentenced to a minimum of five (5) days' house arrest to a maximum of six (6) months of parole and a $300 fine for the DUI offense, and a concurrent sentence of six (6) months of probation for the Fleeing or Eluding offense.

On appeal to this Court, Appellant avers that the trial court should have permitted him to withdraw his *nolo contendere* plea.  Appellant argues that the plea was not knowing, voluntary, or intelligent and/or was the result of undue influence.  The Commonwealth concedes that Appellant is entitled

to a vacation of his sentence and the withdrawal of his guilty plea. **See** Commonwealth's Brief at 2-3.

Our Supreme Court "has maintained that the entry of a plea that is unknowing, in the sense that the defendant lacks a basic understanding of the legal principles giving rise to the criminal responsibility that he is accepting, is a manifest injustice…." **Commonwealth v. Flanagan**, 854 A.2d 489, 502 (Pa. 2004) (internal citations omitted). Further, there must be a discussion of the factual basis supporting the plea during the plea colloquy, in part to prevent mistaken pleas to offenses. **Id.** at 493, 500 (internal citations omitted). Here, both parties agree that Appellant did not enter a knowing, voluntary, or intelligent plea. According to both parties, Appellant demonstrated that he did not agree to plead *nolo contendere* to Fleeing or Eluding, and no colloquy established a factual basis for the plea to that offense. **See** Appellant's Brief at 13-14, 15-16; Commonwealth's Brief at 1-3. We agree. Accordingly, we vacate the judgment of sentence and remand for further proceedings.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/14/2016